IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 15-154 |
| | ) |
| ERIC L. CROCKER | ) |

### ORDER SETTING SENTENCING HEARING

AND NOW, this 17th day of August, 2015, Defendant having plead guilty to Count One of the Information filed at Criminal No. 15-154, and in accordance with the Sentencing Reform Act of 1984, 18 U.S.C. § 3551, *et seq.*, and the United States Sentencing Guidelines promulgated under that Act and the Sentencing Commission Act, 28 U.S.C. § 991, *et seq.*,

IT IS HEREBY ORDERED as follows:

1. A sentencing hearing in this matter shall be held on **November 23, 2015** at **1:30 PM,** in Courtroom 8A, 8th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. Depending upon the preparation of the Presentence Report and the parties' responses to said report, the Court will advance the sentencing date in accordance with the Court's schedule if possible.

2. The probation office shall prepare a Presentence Investigation Report ("PSR) in accordance with Federal Rules of Criminal Procedure 32(c) and 32(d). In accordance with Local Criminal Rule 32, the probation office shall disclose the tentative PSR to only the defendant, the defendant's attorney, and the attorney for the government *as expeditiously as possible,* but no later than **October 5, 2015**.

3. Pursuant to Local Criminal Rule 32.C.2, if either party disputes facts or factors contained in the PSR that are material to sentencing, or seeks the inclusion of additional facts or factors material to sentencing, it is that party's obligation to pursue the administrative resolution of that matter through a presentence conference with opposing counsel and the probation officer as soon as possible

   after the tentative PSR has been disclosed to the parties, but no later than **October 19, 2015**.

4. As soon as possible after the presentence conference, but no later than **October 19, 2015**, the probation officer shall notify the attorneys for the government and the defendant of those matters that have, or have not, been administratively resolved.

5. Following the time period for administrative resolution, the probation officer shall disclose the Presentence Investigation Report as may be amended, to the Court, the defendant, the attorney for the defendant, and the attorney for the government as soon as practical, but no later than **October 19, 2015**.

6. Each party shall file with the Court a "Position of [Defendant/Government] With Respect to Sentencing Factors," pursuant to Fed.R.Crim.P. 32(f) and § 6A1.2(b) of the U.S.S.G., no later than **October 26, 2015**.  This pleading shall set forth any objections to the PSR and any anticipated grounds for: (a) departure from the advisory guidelines sentencing range; or (b) a sentence outside of the advisory guideline sentencing range, pursuant to the provisions of 18 U.S.C. § 3553(a). The party's Position with Respect to Sentencing Factors shall be accompanied by a written statement certifying that filing counsel has conferred with opposing counsel and with the probation officer in a good faith effort to resolve any disputed matters.

7. A party may file a response to the opposing party's Position with Respect to Sentencing Factors no later than **November 2, 2015**.

8. After receiving the parties' positions, the probation officer shall make any necessary investigation and revisions to the PSR.  No later than **November 9, 2015**, the probation officer shall prepare and serve an addendum to the PSR that sets forth any unresolved objections to the PSR, the grounds for those objections, the responses thereto, and the probation officer's comments thereon.  The

probation officer shall certify that the PSR, together with any revision thereof and any addendum thereto, has been disclosed to the defendant and all counsel of record, and that the addendum fairly sets forth any remaining objections and responses.

9. One week prior to the sentencing date, but no later than **November 16, 2015**, a party may file supplemental information or a memorandum with respect to sentencing of the defendant, and shall serve the same upon the probation officer. If counsel for the defendant intends to submit letters to the Court for consideration at sentencing, said letters should be electronically filed at least seven calendar days before sentencing.  Opposing counsel may file a response to any supplemental information or memorandum no later than three days before sentencing.

10.  For good cause shown, the Court may allow additional information and memoranda, and the responses thereto, to be raised at any time prior to the imposition of sentence.

                                                *s/Maurice B. Cohill, Jr.*
                                                Maurice B. Cohill, Jr.
                                                Senior United States District Judge